LOVEY J. THOMPSON, *Adm'x, versus* RUFUS WADLEIGH.

By the provisions of c. 102 of the statutes of 1859, the wife is made a competent witness for her husband, in a suit against him, by an administrator, she not being a party to the record.

ASSUMPSIT, for labor done by the plaintiff's intestate. At the trial, May term, 1861, the wife of the defendant was called as a witness by his counsel, to prove a special contract between the plaintiff's intestate and the defendant, under which the labor was performed. The plaintiff objected to the admission of the witness, and GOODENOW, J., ruled that she was not a competent witness and excluded her testimony.

The verdict was for the plaintiff and the defendant excepted to the ruling of the Court, in excluding the testimony offered.

*J. H. Goodenow,* argued in support of the exceptions.

*I. S. Kimball, contra.*

The opinion of the Court was drawn up by

MAY, J.—The exclusion of husband and wife, at common law, when called to testify for or against each other, was upon the ground of mutual rights and interests, or, as being against public policy. When only one of them was sued, the other does not appear to have been excluded by reason of being regarded as a party to the record. Although they twain are said to be one flesh, and are, in some sense, to be regard-

ed as one person, still they are not one in such a sense that one is legally liable to answer to any process against the other, nor is one liable to be arrested upon an execution against the other. When the husband is summoned as a witness, the wife is not bound to appear, and so, *vice versa.* For these purposes, and many others, the law regards them as different persons. In this suit against the husband, the wife is, therefore, not a party, either upon the record or otherwise. She can, in no proper sense, be regarded as defending the suit.

The objection to the admissibility of the defendant's wife, as a witness, must rest solely upon that of her interest in the event of the suit, or upon the relation which subsists between her and her husband. In regard to the first ground, this Court has settled that the objection cannot be sustained. In the case of *Walker, Ex'r,* v. *Sanborn,* 46 Maine, 470, which was a case where the widow of the plaintiff's testator was admitted as a witness, the Court held, that the R. S., c. 82, §§ 78 to 84, applied only to instances in which the plaintiff or defendant offers himself as a witness; and that the interest of a witness in a suit, where one of the parties was an executor or administrator, did not exclude the witness.

The other ground of objection is founded upon principles of public policy, and is not removed by the provisions of the statute just cited. It was left in full force, and is still in force, unless it has been removed by the statute of 1859, c. 102, § 1. *Dwelly* v. *Dwelly,* 46 Maine, 377. This statute provides that, " in the trial of civil actions, the husband and wife of either party shall be deemed competent witnesses when the wife is called to testify, by or with the consent of her husband, and the husband, by and with the consent of the wife." These provisions must have been intended to apply solely to objections, growing out of the marital relations, which public policy has suggested, and the law has sanctioned for the preservation of peace and quietness in families. It could not have been intended to apply to any other, because all other grounds of objection had been removed by the preceding statutes.

---

---

The remark of KENT, J., in the case of *Drew, Ex'r, v. Roberts & als.*, (ante p. 35,) that the Act of 1859 does not enlarge the number of cases in which husband and wife may testify, must be understood as referring only to cases in which they could have testified before, if they had not been prevented by the very objection which this statute was designed to remove. This is evident from the next sentence in the opinion, in which he says that, "the statute only removes the objection arising from the conjugal relation, which was based on grounds of policy to prevent domestic broils and family quarrels." The case before us is one where the wife could have testified before, but for this objection, and that objection having been removed, by the statute last cited, and the husband's consent, her testimony should have been admitted.

*Exceptions sustained.*

TENNEY, C. J., and APPLETON, CUTTING, (in the result,) GOODENOW, and DAVIS, JJ., concurred.